IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:01-CR-68-1-BO
No. 5:04-CV-358-BO

| | |
|---|---|
| CALVIN LEE EVERETTE ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for reconsideration [DE 93]. In his motion, petitioner (petitioner or Mr. Everette) contends that he should be re-sentenced in light of legal innocence and a new rule of law as set forth in *United States v. Rodriquez*, 553 U.S. 377 (2008) and *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has responded, and moves to dismiss Mr. Everette's petition [DE 97].

## BACKGROUND

Mr. Everett was sentenced by this Court on August 29, 2002, to a term of 188 months' imprisonment following his plea of guilty to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(c). The Fourth Circuit affirmed the judgment of this Court, and on May 26, 2004, Mr. Everette filed a motion pursuant to 28 U.S.C. § 2255. The motion was denied on September 2, 2004.

## DISCUSSION

The government contends that *Simmons* has no impact on Mr. Everette's conviction or

classification as an armed career criminal. Prior to addressing such argument, the Court considers first whether it has jurisdiction over the instant motion.

The relief that is requested in Mr. Everette's motion to reconsider is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2).

While "it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death Penalty Act of 1996]," *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. 28 U.S.C. § 2255(h); *Magwood v. Patterson*, ___ U.S. ___; 130 S.Ct. 2788, 2796 (2010); *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (a Rule 60(b) motion based on a change in substantive law is in substance a second or successive habeas proceeding and should be so treated); *Gilbert v.*

2

*United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) cert. denied, 132 S. Ct. 1001 (2012) (petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 petition filed with the district court as such a petition is barred by § 2255(h)). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged by Mr. Everette's prior § 2255 petition, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of pre-filing authorization. Mr. Everette is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

Furthermore, as stated by the government in its brief, even if this Court had jurisdiction to consider Mr. Everette's claims, Mr. Everette appears not to be entitled to any relief in light of *Simmons*. Review of his prior North Carolina convictions apparently reveals that Mr. Everette's conviction for felon in possession of a firearm and his status as an armed career criminal remain proper even applying the *Simmons* analysis.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Mr. Everette is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Mr. Everette is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his

habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Everette's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss is

4

GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DISMISSED for want of jurisdiction.


SO ORDERED, this __27__ day of September, 2012.

                                                      *[signature]*
                                                      TERRENCE W. BOYLE
                                                      UNITED STATES DISTRICT JUDGE

5

Case 5:01-cr-00068-BO   Document 100   Filed 09/28/12   Page 5 of 5